**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GIANNA MARTORANO,        :
                                 :
           Plaintiff,     :   CIVIL ACTION
                                 :
     v.               :   NO. 09-cv-3998
                                 :
CITY OF PHILADELPHIA,     :
et al.,               :
                                 :
           Defendants.    :

## MEMORANDUM AND ORDER

**Joyner, J.**                                       **October 14, 2009**

     This case is now before the Court for the resolution of Defendants City of Philadelphia, Philadelphia Police Department, and the Fairmount Park Commission's Motion to Dismiss Plaintiff's Complaint.  For the reasons that follow, the Motion is GRANTED.

## Factual Background[1]

     This dispute arises out of a car accident that occurred on May 18, 2007, in a portion of Fairmount Park known as FDR Park. Plaintiff was a passenger in Defendant Bundouk Somaulai's car while he was "joy riding," and his reckless driving resulted in the car crashing into a tree.  Plaintiff suffered severe injuries to her head, neck, back, arms, and legs.  These injuries are

---

[1] In line with a Fed. R. Civ. P 12(b)(6) Motion to Dismiss, all factual allegations are viewed in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citations omitted).

alleged to be permanent, and continue to cause her pain and suffering.

Plaintiff filed this case in the Philadelphia County Court of Common Pleas on August 11, 2009. In Count I of her Complaint, she asserts state law tort claims against Bundouk Somaulai. In Counts II and III, Plaintiff seeks damages against the City of Philadelphia, the Fairmount Park Commission, and the Philadelphia Police Department for violations of her constitutional rights. Specifically, Plaintiff alleges that the City has violated her Substantive Due Process rights contained in the Fourteenth Amendment of the U.S. Constitution.

The City of Philadelphia, the Fairmount Park Commission, and the Philadelphia Police Department removed the case to this Court on September 1, 2009.[2] This case is now before us on Defendants' Motion to Dismiss, filed on September 16, 2009.

## **Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint should be dismissed if the plaintiff has failed to "state a claim on which relief can be granted." In evaluating a motion to dismiss, the court must take all well-pleaded factual allegations as true, but it is not required to blindly accept "a legal

---

[2]Although the notice of removal is not signed by Bundouk Somaulai as would normally be necessary to make the removal valid, e.g., Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995), defendants who have not yet been served are not required to consent to removal. Reeser v. NGK Metals Corp., 247 F. Supp. 2d 626, 631 (E.D. Pa. 2003). Because Bundouk Somaulai was never served, his consent was not needed for removal.

2

conclusion couched as a factual allegation." <u>Papasan v. Allain</u>,
478 U.S. 265, 283, 286 (1986).  Although a plaintiff is not
required to plead detailed factual allegations, the complaint
must include enough facts to "raise a right to relief above the
speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544,
555 (2007).

## **Discussion**

As an initial matter, Plaintiff has not stated a claim on
which relief can be granted against the City of Philadelphia
Police Department and the Fairmount Park Commission, as these are
entities that are not amenable to suit.[3]  All suits against a
department of the City of Philadelphia must be filed against the
City, and not against the individual department.  53 Pa. Cons.
Stat. Ann. § 16257 (West 2009).  Both the Philadelphia Police
Department and the Fairmount Park Commission are departments of
the City of Philadelphia, and, therefore, cannot be sued.  All
allegations against each of these must be levied against the City
of Philadelphia, and must be dismissed as against the
Philadelphia Police Department and the Fairmount Park Commission.
<u>City of Philadelphia v. Glim</u>, 613 A.2d 613, 616 (Pa. Commw. Ct.

---

[3]Although neither of these Defendants appears to have been served, they
have not objected to this failure, and have joined in both the removal to this
Court and the Motion to Dismiss.  Because the Motion to Dismiss does not raise
any objections to service, these have been waived.  Fed. R. Civ. P. 12(h)(1).

1992).

Turning to the merits of Plaintiff's Substantive Due Process claim against the City of Philadelphia, this also fails to state a claim on which relief can be granted, and must be dismissed.[4] 42 U.S.C. § 1983 provides a federal cause of action for plaintiffs whose constitutional rights have been violated by a person acting under color of state law. Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003). Although municipalities can be sued under § 1983, this liability cannot rest solely on the basis of respondeat superior. Monell v. Department of Social Services, 436 U.S. 658, 690 (1978). Instead, if the plaintiff chooses to sue the overarching entity rather than the individuals directly responsible for her harm, she must show that the defendant had a policy or custom that caused the constitutional violation. Natale, 318 F.3d at 583-84.

Plaintiff brings the present action against three municipal entities, and not against any individual state actors. Because of this decision, Plaintiff cannot succeed in alleging that the Defendants in this action directly violated her constitutional rights. Instead, Plaintiff is limited to establishing a

---

[4] Plaintiff does not clearly state the grounds on which she brings Count II of her Complaint. Because § 1983 provides a cause of action for such claims, this Court will not consider whether the Substantive Due Process Clause also grants an implied cause of action, as all of Plaintiff's allegations could have been brought under this explicit cause of action. Rogin v. Bensalem Twp., 616 F.2d 680, 686-87 (3d Cir. 1980). We, therefore, will treat this count as being brought under 42 U.S.C. § 1983.

4

violation based on the municipality's policy or custom.  Due to
the limitations of the cause of action provided by 42 U.S.C.
§ 1983, Plaintiff's claims in Count II that the City of
Philadelphia directly violated her Substantive Due Process rights
must be dismissed.

Plaintiff does, however, appear to allege a <u>Monell</u> violation
in Count III of her Complaint.  In <u>Monell v. Department of Social
Services</u>, the Supreme Court held that 42 U.S.C. § 1983 can be
used to bring suits against municipalities where "the action
alleged to be unconstitutional implements or executes a policy
statement, ordinance, regulation, or decision officially adopted
and promulgated by that body's officers."  436 U.S. 658, 690
(1978).  At its core, however, a <u>Monell</u> claim requires some sort
of constitutional violation.  As a general matter, the Fourteenth
Amendment's Due Process Clause does not require states to take
affirmative action to safeguard its citizens' life, liberty, or
property.  <u>Deshaney v. Winnebago County Dep't of Soc. Servs.</u>, 489
U.S. 189, 195-96 (1989).  In addition, the Due Process Clause
"does not transform every tort committed by a state actor into a
constitutional violation."  <u>Id.</u> at 202.  Instead, the focus of
Substantive Due Process is on preventing arbitrary government
action.  <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 845 (1998).
When looking specifically at action taken by the executive
branch, it must "shock the conscience" in order to violate the

Substantive Due Process Clause.  Id. at 846.

    The Third Circuit, however, has recognized the "state-created danger" theory of a Substantive Due Process violation. E.g., Kneipp v. Tedder, 95 F.3d 1199, 1211 (3d Cir. 1996).  In order to establish a claim under this theory, the plaintiff must show the following:  1. that the harm ultimately caused was foreseeable and direct; 2. that the state actor wilfully disregarded the safety of the plaintiff; 3. that there is a relationship between the state and the plaintiff that either made the plaintiff a foreseeable victim or made the plaintiff a member of a discrete class of potential victims rather than a member of the public in general; and 4. that the state actor used his authority to create an opportunity for the third party's actions to occur that otherwise would not have existed.  Bright v. Westmoreland County, 443 F.3d 276, 281 (3d Cir. 2006). Importantly, in order for the fourth prong to be met, the state actor must undertake some sort of affirmative action; a failure to act will not be sufficient.  Id. at 282.  If all four of these elements are met, the state is under an affirmative duty to act to protect the plaintiff's Due Process rights.  Cannon v. City of Phila., 86 F. Supp. 2d 460, 465 (E.D. Pa. 2000).

    Although Plaintiff successfully establishes the first requirement of a state-created danger claim, and arguably establishes the second, her pleadings do not meet the

requirements for the last two elements.  Starting with the
requirement that the harm be foreseeable and direct, Plaintiff
alleges that the City of Philadelphia knew that joy riding
frequently occurred in FDR Park, and knew that this was likely to
cause harm to citizens.  In addition, the harm that Plaintiff
alleges was a direct and foreseeable effect of the dangerous
activity.  Plaintiff, therefore, has met the first element of a
state-created danger claim.

Plaintiff must also plead that the state actor wilfully
disregarded her safety, and that this deliberate disregard
"shocks the conscience."  In the present case, Plaintiff has pled
that the City was deliberately indifferent in failing to enforce
its policies.  Although Plaintiff claims that this disregard for
her safety shocks the conscience, these are not magic words that
allow her Complaint to survive a motion to dismiss.  At the same
time, however, Plaintiff is not required to plead detailed facts
in her Complaint.  There are circumstances in which a disregard
for the safety of citizens could shock the conscience.  Plaintiff
has not provided detailed facts about the threat to safety that
was allegedly ignored here, but she has claimed that it was a
deliberate disregard that shocks the conscience.  Given the stage
of the case, and the low threshold required of the Complaint, the
allegations made by Plaintiff allow her to meet the second
element of the state-created danger theory as well.

Turning to the third element of a state-created danger claim, Plaintiff fails to even allege that there is a relationship between she and the state that takes her out the general public or makes her a foreseeable victim.  Plaintiff's only claim of any relationship with the City of Philadelphia is that she is a citizen of the City.  This is precisely the type of relationship that is insufficient to give rise to a state-created danger claim under the Substantive Due Process Clause.  In cases where courts have found that such a relationship does exist, it is much more immediate than what Plaintiff alleges here.  In Kneipp v. Tedder, for example, the plaintiff had a relationship with a police officer by virtue of his stopping her before her injury occurred.  95 F.3d at 1209.  Another illustration of the relationship required to support a state-created danger claim is found in Ye v. United States, 484 F.3d 634 (3d Cir. 2007), where the plaintiff was a patient of a doctor at a state-run medical clinic.  484 F.3d at 638-39 & n.2.  In the instant case, Plaintiff makes no allegations that are even remotely similar to such individualized relationships involving personal contact in close temporal proximity to the injury suffered.  She does not allege that she had any contact with any state actor on the night of her accident, or that there was any connection between she and the state.  Plaintiff only claims that she had a relationship with the City of Philadelphia as a citizen, and this is legally

insufficient to establish a state-created danger violation of the Substantive Due Process Clause.

Finally, Plaintiff has not satisfactorily pled that there was any action on the part of a state actor that created an opportunity for the harm to occur. As noted above, the key to this prong is showing some sort of action, as inaction alone is not sufficient to establish a state-created danger claim. The Third Circuit has stated that "[w]hile we have acknowledged that the line between action and inaction may not always be clear, we have never found a state-created danger claim to be meritorious without an allegation and subsequent showing that state authority was affirmatively exercised." Bright, 443 F.3d at 282. Plaintiff's own phrasing of this issue provides insight. She states, "Defendants . . . acted with reckless disregard and deliberate indifference . . . when they failed to enforce the laws." (Compl. ¶28.) Plaintiff later claims that "[b]y failing to take action to stop or limit the policy, custom and/or practice," defendants violated her Fourteenth Amendment rights. (Id. ¶39.) The only action that Plaintiff alleges is a failure to act, and this is not sufficient to support a state-created danger claim.

In sum, Plaintiff's pleadings are sufficient on the first two prongs of the state-created danger theory, but fail to allege a relationship between Plaintiff and the state actor, and fail to

allege any action on the part of the state actor.  As Plaintiff has failed to plead a constitutional violation, we need not address whether the City of Philadelphia had a policy or custom in place that led to any alleged violation.  A policy or custom cannot lead to a constitutional violation if there is no underlying violation.  Plaintiff's failure on the third and fourth prongs of the state-created danger claim therefore requires this Court to dismiss her Substantive Due Process claim under Federal Rule of Civil Procedure 12(b)(6).

Finally this Court has jurisdiction over the state law tort claims in Count I of Plaintiff's Complaint pursuant to 28 U.S.C. § 1367(a), but will decline to exercise supplemental jurisdiction as permitted by § 1367(c).  As this Court is dismissing all federal claims asserted against all Defendants, we believe that it is best to allow any remaining litigation regarding this controversy to occur in state court.

## **Conclusion**

Defendants' Motion to Dismiss is GRANTED for the reasons set forth above.  An appropriate order follows.